UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# MEMORANDUM

JS 6

| Case No. | CV 13-9014 DSF (MRWx) | Date | 12/19/13 |
|---|---|---|---|
| Title | Ann Kenney v. Alterna Holdings Corp., et al. | | |

| Present: The Honorable | DALE S. FISCHER, United States District Judge |
|---|---|

| Debra Plato | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** (In Chambers) Order REMANDING Case to Superior Court

This case was removed to federal court based on CAFA jurisdiction. However, Defendant has not demonstrated by a preponderance of the evidence that the amount in controversy exceeds $5,000,000. Aside from attorneys' fees, Defendant claims three categories of the amount in controversy. This evidence is presented in a declaration by Defendant's Chief Financial Officer. First, restitution to all California purchasers of the product at issue in the relevant time frame would cost $1,113,883. The Court has no reason to doubt this amount. Second, Defendant claims that an injunction that required a change in the product's label would require a nationwide recall in order to ensure that improperly labeled product is not sold in California. This recall is alleged to cost $1,316.672. While the Court is not completely convinced that a nationwide recall is a reasonably expected result of a class action solely related to California, the Court will accept this amount as part of the amount in controversy, at least for the purposes of this discussion.

Defendant's main problem is with its third category of cost, which it fails to establish by a preponderance of the evidence. Defendant claims that "it would incur additional losses including the time during which Alterna would have to design new labels for [the product], print them, and package each product, as well as the loss of customer confidence – both at the retail and consumer level – that might result from a recall." (Stern Decl. ¶ 8.) This amorphously defined cost is "estimated to be $2,455,700." (Id.) The Court is given absolutely no explanation of how this number is

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## MEMORANDUM

JS 6

arrived at or what actual real world costs it supposedly includes.  Obviously, potential "loss of consumer confidence" is not something that can be easily valued and allows for substantial manipulation of the amount were someone inclined to do such a thing.  Given this, some explanation of the methodology used to estimate such loss of goodwill needs to be provided before the estimate has persuasive value.  Nor is the amount offered by Defendant particularly plausible on its face given that it is more than twice the value of all units of the product sold in California since October 25, 2009, and almost twice the amount of an entire nationwide recall of the product.  What the amount is, however, is a sum that conveniently allows the total amount in controversy to exceed the jurisdictional minimum once attorneys' fees and costs are considered.

Defendant has not established by a preponderance of the evidence that the amount in controversy exceeds the $5,000,000 jurisdictional minimum.  The case is REMANDED to the Superior Court of California, County of Los Angeles.

IT IS SO ORDERED.